IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANGELA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-026 |
| | ) | |
| ARTHUR SLATER; BEEMAC, INC.; and | ) | |
| JOHN DOES 1 THROUGH 13, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff filed this action in the State Court of Richmond County, Georgia, and Defendant Arthur Slater filed a Notice of Removal on February 4, 2025, asserting diversity of citizenship and an amount in controversy that exceeds $75,000. (Doc. no. 1-1, pp. 3-5.) There is no specific amount of damages claimed in the complaint. (See generally doc. no. 1-2, pp. 1-12.) In the Notice of Removal, Defendant Arthur Slater explains he "reasonably expects, upon information and belief, that the Plaintiff is alleging over $75,000.00 in damages" "[i]n light of multiple and varied claims for damages presented." (Doc. no. 1-1, pp. 4, 5.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the

time the case was removed." Id.  Further, the burden of proving the jurisdictional amount lies with removing defendants.  Id.

Here, it is not facially apparent from the pleadings that Plaintiff's claims exceed $75,000.  "[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).

Accordingly, the Court **ORDERS** the removing Defendant to provide sufficient evidence within fourteen days of the date of this Order that the jurisdictional amount is in controversy.  As the time for Plaintiff's counsel to file a notice of appearance has not yet expired, the Court **DIRECTS** the **CLERK** to serve this Order by email and mail on Mr. William Reeves Andrews at the addresses listed on the Complaint originally filed in the State Court of Richmond County.  (See doc. no. 1-2, p. 12.)

SO ORDERED this 6th day of February, 2025, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA